UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **AILLET, FENNER, JOLLY & MCCLELLAND, INC.** | § | **CIVIL ACTION:** |
| **VERSUS** | § | **JUDGE** |
| **U. L. COLEMAN COMPANY, LTD., SEQUOIA CONSTRUCTION, L.L.C., WALKER PLACE, L.L.C. and NEEL-SCHAFFER, INC.** | § § | **MAGISTRATE** **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Aillet, Fenner, Jolly & McClelland, Inc., (hereinafter sometimes referred to as AFJM), files its Original Complaint against U. L. Coleman Company, Sequoia Construction, L.L.C. and Walker Place, L.L.C., (hereinafter sometimes referred to collectively as "Coleman"), and Neel-Schaffer, Inc., and for its causes of action would respectfully show the Court and Jury the following:

### PARTIES

1. Aillet, Fenner, Jolly & McClelland, Inc. is a Louisiana corporation with its principal place of business in Shreveport, Louisiana.

2. U. L. Coleman Company, Ltd., is a Louisiana corporation with its principal place of business in Shreveport, Louisiana.

3. Sequoia Construction, L.L.C., is a limited liability company with its principal place of business in Shreveport, Louisiana.

1

4. Walker Place, L.L.C., is a limited liability company with its principal place of business in Shreveport, Louisiana.

5. Neel-Schaffer, Inc., is a foreign corporation with its domicile and principal place of business in Jackson, Mississippi. Neel-Schaffer, Inc. has engaged in business activity in the State of Louisiana with its principal business established in Baton Rouge, Louisiana and offices in Shreveport, Louisiana.

6. U. L. Coleman Company, Ltd., Sequoia Construction, L.L.C., and Walker Place, L.L.C., are all U. L. Coleman companies and are collectively referred to herein as "Coleman".

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction of this case under 28 U.S.C. §1338 because this action arises under federal copyright law, 17 U.S.C. § 101 et seq.

8. Venue is proper in this District under 28 U.S.C. § 1400 (a.) because the defendants and their agents are subject to the personal jurisdiction of the State of Louisiana and/or this District; and therefore, may be found in this District. Furthermore, or in the alternative, venue is proper in this District under 28 U.S.C. § 1391 (b.) because a substantial part of the events giving rise to the claims at issue occurred in this District, and no less than one of the defendants resides in the District.

## FACTUAL BACKGROUND

9. AFJM is a professional engineering firm. Beginning in 2004, Mark W. Snow, a principal engineer with AFJM began providing professional civil engineering services for Coleman

pursuant to a verbal agreement between the parties in connection with the Walker Place Development to be located in Bossier City, Louisiana.

10. In 2006, AFJM delivered to Coleman signed and stamped civil engineering drawings in connection with the Walker Place Apartments and in connection with the Municipal Roadway and Utility Infrastructure for the Walker Place Development, which plans included the civil design rendering of a baseline drawing for the layout or site plan of the apartment complex and roadways, site geometrics, details and sections.

11. Also in 2006, a fee dispute developed between AFJM and Coleman.

12. On January 9, 2007, AFJM filed a lawsuit against Coleman for breach of contract and on open account for unpaid professional engineering fees totaling $311,180.63, plus interest and attorneys fees in the First Judicial District Court, Caddo Parish, Louisiana, entitled, *Aillet, Fenner, Jolly & McClelland, Inc. versus U. L. Coleman Company, Ltd., U. L. Coleman Properties, Ltd., and Sequoia Construction, L.L.C.,* bearing docket number 509,079.

13. The final set of civil design plans for the Walker Place Roadway and Utility Infrastructure delivered by AFJM bear Mark W. Snow's professional engineer stamp and are dated December 18, 2008 and includes plan revisions dates of September 18, 2008, August 6, 2008 and October 12, 2006. Previous plan set for these plans were delivered to Coleman on September 14, 2006, October 20, 2006, and October 1, 2008.

14. The final set of civil design plans for the Walker Place Apartment Complex delivered by AFJM bear Mark W. Snow's professional engineer stamp and are dated June 17, 2008

and include plan revision dates of August 6, 2008, June 16, 2008, December 5, 2006, August 22, 2006, July 12, 2006, July 11, 2006, and June 6, 2006. Previous plan set for these plans were delivered to Coleman on June 16, 2006 and August 15, 2006.

15. On September 23, 2009, AFJM registered its civil design drawings for the Walker Place Development with the United States Copyright Office, as technical drawings as follows:

| | |
|---|---|
| Civil Plans for Construction of Walker Place Roadway, Sanitary Sewer & Water Infrastructure, dated 12/8/08 Sheets including T1, C1 through C58 | VA 1-682-746 |
| Civil Plans for Walker Place Apartments, Bossier City, LA Sheets C1 thru C21 and RC22 thru RC34, dated 6/17/08 up to plan revision 5. | VA 1-682-747 |

16. The foregoing described civil design drawings, (hereinafter referred to as "Copyrighted Works"), authored by AFJM are the original works of AFJM and the copyrights are owned by AFJM.

17. On or about October of 2008, Coleman hired Neel-Schaffer, Inc. to review the civil design plans of AFJM to determine whether the civil design could be value engineered to reduce the cost of construction by reducing the site elevations, grades and use of utility infrastructure. In connection with this task, Coleman provided Neel-Schaffer, Inc. with copies of the copyrighted works of AFJM.

18. On October 20, 2008, Neel-Schaffer, Inc. through its employee, Steven M. Hazen, P.E., rendered a report in which he advised his opinion "that several components of the civil/sitework plan can be refined to lower the grade of the proposed building pads without detrimental effect."

19. Thereafter, and in November of 2008, Coleman retained Neel-Schaffer to modify the AFJM civil design for the Walker Place Apartments and the Walker Place Municipal Roadway and Utility Infrastructure to include a modification of the drainage design to facilitate a lowering of the site elevations.

20. Coleman and Neel-Schaffer, Inc. agreed to a scope of work that included the agreement by Coleman to provide Neel-Schaffer, Inc. with AFJM's plans, including baseline drawings, typical roadway cross sections, details and sections with the understanding that the original baseline site plan, drawn by AFJM, including site geometrics for the layout of the buildings and roadways, would remain as shown on the civil site plans authored by AFJM.

21. Coleman provided Neel-Schaffer, Inc. with hard copies of AFJM's Copyrighted Works, as well as pdf copies of the works. Upon information and belief, Neel-Schaffer also obtained and utilized AutoCad or electronic copies of the AFJM Copyrighted Works. Neel-Schaffer, Inc. then used, copied, and adapted portions of the AFJM Copyrighted Works into its work.

22. Thereafter, Neel-Schaffer, Inc., made derivative civil engineering plans for the Walker Place Apartments and Walker Place Municipal Roadways and Utility Infrastructure, (renamed "Ring Roads"), by modifying and adapting the Copyrighted Works of AFJM.

23. Neither Coleman nor Neel-Schaffer, Inc. obtained the authorization of AFJM to use or copy the AFJM Copyrighted Works.

24. AFJM was not informed by Coleman or Neel-Schaffer, Inc. that Neel-Schaffer, Inc. had undertaken to review its civil engineering plans for Walker Place until after May of 2009.

25. Although Neel-Schaffer, Inc. had been retained in November of 2008, Coleman continued to direct AFJM to revise its plans in December of 2008.

26. Notwithstanding Neel-Schaffer's retention by Coleman in November of 2008, Coleman did not terminate AFJM as engineer of record until May 20, 2009.

27. On April 16, 2009, Neel-Schaffer, Inc. delivered to Coleman a final set of signed and sealed site plans for the Walker Place Apartments.

28. In May of 2009, Neel-Schaffer, Inc. delivered to Coleman a preliminary or advance final set of site plans for the Walker Place Ring Roads.

29. The Neel-Schaffer, Inc. plans resemble and are substantially similar in appearance to the AFJM plans, and in some respects they are exact copies of the AFJM plans.

30. On May 20, 2009, Coleman filed a Reconventional Demand fees in the First Judicial District Court, Caddo Parish, Louisiana, entitled, *Aillet, Fenner, Jolly & McClelland, Inc. versus U. L. Coleman Company, Ltd., U. L. Coleman Properties, Ltd., and Sequoia Construction, L.L.C.,* bearing docket number 509,079 alleging that the AFJM plans were of no value in light of Coleman's retention of Neel-Schaffer, Inc. to value engineer and revise the AFJM plans to reduce the cost of construction.

31. Notwithstanding Coleman's use of the AFJM plans, including the use of the plans in value engineering the plans and the use of the plans by Neel-Schaffer, Inc., Coleman

contends that Coleman does not owe AFJM any compensation for its professional engineering services.

32. AFJM has not been paid by Coleman for the AFJM Copyrighted works and its professional engineering services.

## CAUSES OF ACTION

### Count One: Copyright Infringement by Neel-Schaffer, Inc.

33. AFJM complains of Neel-Schaffer, Inc. for copyright infringement and incorporates paragraphs 1 – 31 above by reference.

34. The acts of Neel-Schaffer, Inc. of copying, inexactly and exactly, of the AFJM baseline drawings, including but not limited to site geometrics, details and sections by way of use of overlaying, hand-copying, and electronic reproduction has infringed and is infringing AFJM's copyrights in the Copyrighted works.

35. The acts of Neel-Schaffer, Inc. of adapting, modifying and/or revising, inexactly and exactly, of AFJM drawings into a derivative work has infringed and is infringing AFJM's copyrights in the Copyrighted works.

36. The acts of Neel-Schaffer, Inc. in the creation and publication of design and construction drawings of the civil site plans for the Walker Place Development, both of the apartment complex and the ring roads, has infringed and is infringing AFJM's copyrights in the Copyrighted works.

37. Neel-Schaffer, Inc. is liable for AFJM's actual damages, including all of AFJM's lost profits.

38. Neel-Schaffer, Inc. is liable to AFJM for all of their profits attributable to the infringement.

39. In the alternative to actual damages and profits sought above, AFJM is entitled to an award of statutory damages for all infringements in connection with Walker Place civil site plans as permitted by 17 U.S.C. § 504(c.).

40. Neel-Schaffer, Inc. is liable for AFJM's costs and reasonable attorney's fees incurred in this action.

41. In addition, AFJM is entitled to preliminary[1] and permanent injunctions pursuant to 17 U.S.C. § 502 prohibiting Neel-Schaffer,Inc. from further infringement of AFJM's copyrights, including but not limited to the further use of infringing plans, creation or use of derivative plans, and construction, sale or rental of infringing structures.

## Count Two: Copyright Infringement by Coleman

42. AFJM complains of Coleman for copyright infringement, and incorporates paragraphs 1-31 above by reference.

43. Coleman determined the scope of work to be performed by Neel-Schaffer, Inc. in connection with the preparation of civil site plans for the Walker Place Development.

---

[1] As this Court is aware, Coleman has been unable to obtain a permit from the City of Bossier City because of its failure to comply with the City's conditions for granting a permit of removing from the plans any reference to a curb cut to the Arthur Teague Parkway. See, *U L Coleman Company, et al versus Bossier City, et al,* pending before this Court and bearing Civil Action number 08-2011. Should Coleman proceed with construction, plaintiff will file the appropriate motion.

44. Coleman supervised and directed Neel-Schaffer, Inc. in the use, revision, modification, adaption and copying of the AFJM civil engineering plans for the Walker Place Development site.

45. Coleman had a direct financial interest in the creation, use and/or publication of the design and construction drawings of Neel-Schaffer, Inc.

46. Had Neel-Schaffer, Inc. not used and copied the civil site drawings of AFJM, Coleman would have incurred significant cost associated with an original rendering by Neel-Schaffer, Inc. of civil site plans for the apartment complex and ring roads for the Walker Place Development such that there was a direct and immediate financial benefit to Coleman related directly to the infringing activities of Neel-Schaffer, Inc.

47. Coleman provided Neel-Schaffer, Inc. access to the AFJM Copyrighted Works.

48. Coleman required Neel-Schaffer, Inc. to use the baseline drawings of AFJM as the baseline for the civil design of Neel-Schaffer, Inc.

49. Coleman induced, caused or materially contributed to the infringing conduct of Neel-Schaffer, Inc.

50. Coleman's acts constitute vicarious infringement. Accordingly, Coleman has infringed and is infringing AFJM's Copyrighted Works.

51. Coleman's acts constitute contributory infringement. Accordingly, Coleman has infringed and is infringing AFJM's Copyrighted Works.

52. Coleman is liable for AFJM's actual damages, including all of AFJM's lost profits.

53. Coleman is liable to AFJM for all of Coleman's profits attributable to the infringements.

54. In the alternative to the actual damages and profits sought above, AFJM is entitled to an award of statutory damages for all infringements in connection with the Walker Place civil site design as permitted by 17 U.S.C. § 504 (c.).

55. Coleman is liable for AFJM's cost and attorney's fees incurred in this action.

56. In addition, AFJM is entitled to preliminary and permanent injunctions pursuant to 17 U.S.C. §502 prohibiting Coleman from further infringement of AFJM's copyrights, including but not limited to the further use of infringing plans, creation or use of derivative plans, and construction, sale or rental of infringing structures.

## JURY DEMAND

57. Pursuant to Federal Rule of Civil Procedure 38, AFJM demands a trial by jury of all issues so triable.

WHEREFORE, PREMISES CONSIDERED, Aillet, Fenner, Jolly & McClelland, Inc. prays that upon final trial it have and recover from defendants as set forth above, that it have injunctive relief against defendants requested herein, and that it have such and other relief as it may show itself to be entitled.

    MAYER, SMITH & ROBERTS, L.L.P.
    Attorneys for Aillet, Fenner, Jolly & McClelland, Inc.

    By____/s Daniel J. Baker____
        Deborah Shea Baukman, #19789, T.A.
        J. Kris Jackson, #29266
        Daniel J. Baker, #31612

                                                1550 Creswell Avenue  
                                                Shreveport, Louisiana 71101  
                                                (318) 222-2135  
                                                (318) 222-6420 (fax)  
                                                Debbie@mrslaw.com  
                                                Kris@msrlaw.com  
                                                Daniel@msrlaw.com